Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9100 Wilshire Blvd. #725 E.
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE FINGER, | Case No._____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| THE NEW HOME COMPANY INC., H. LAWRENCE WEBB, PAUL C. HEESCHEN, GREGORY P. LINDSTROM, CATHEY LOWE, DOUGLAS C. NEFF, SAM BAKHSHANDEHPOUR, MICHAEL BERCHTOLD, and WAYNE STELMAR, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Katherine Finger ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to

- 1 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against The New Home Company Inc. ("New Home" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e), 78t(a), and to enjoin the proposed transaction (the "Proposed Transaction"), pursuant to which New Home will be acquired by funds (the "Apollo Funds") managed by affiliates of Apollo Global Management, Inc. (together with its consolidated subsidiaries, "Apollo") through their subsidiaries, pursuant to a tender offer (the "Offer").

2. On July 23, 2021, New Home and the Apollo Funds entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which, the Apollo Funds will acquire all outstanding shares of New Home for $9.00 per share in cash. The Offer commenced on August 10, 2021 and is scheduled to expire at 12:00 Midnight, New York City time, on September 8, 2021 (one minute after 11:59 P.M., New York City time, on September 7, 2021).

3. On August 10, 2021, in order to convince New Home's common stockholders to tender their shares in the Offer, defendants filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "14D-9") with the

SEC, which omits or misrepresents material information concerning, among other things: (i) New Home management's financial projections and the financial analyses supporting the fairness opinion provided by the Board's financial advisor, Citigroup Global Markets Inc. ("Citigroup"); and (ii) the background of the Proposed Transaction. The failure to adequately disclose such material information renders the 14D-9 false and misleading.

4.  For these reasons, and as set forth in detail herein, Plaintiff alleges that defendants violated Sections 14(e) and 20(a) of the Exchange Act as New Home's stockholders need such information in order to make an informed decision whether to tender their shares in support of the Proposed Transaction or seek appraisal.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(e) and 20(a) of the Exchange Act pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.  This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. New Home maintains corporate offices, previously serving as the Company's headquarters, in this District. Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

## PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of New Home.

9. Defendant New Home is a Delaware corporation with its principal executive offices located at 6730 N Scottsdale Rd., Suite 290, Scottsdale, Arizona 85253 and corporate offices located at 15231 Laguna Canyon Rd, Suite 250, Irvine, California 92618. New Home's common stock is traded on the New York Stock Exchange under the ticker symbol "NWHM."

10. Defendant H. Lawrence Webb ("Webb") is a co-founder of the Company and has served as Executive Chairman of the Board since August 2019 and Chairman of the Board and a director of the Company since January 2014.

11. Defendant Paul C. Heeschen has served as a director of the Company since January 2014.

12. Defendant Gregory P. Lindstrom has served as a director of the Company since January 2014.

13. Defendant Cathey Lowe has served as a director of the Company since January 2014.

14. Defendant Douglas C. Neff has served as a director of the Company since January 2014.

15. Defendant Sam Bakhshandehpour has served as a director of the Company since January 2014.

16. Defendant Michael Berchtold has served as Lead Independent Director of the Board since February 2018 and a director of the Company since January 2014.

17. Defendant Wayne Stelmar is a co-founder of the Company and has served as a director of the Company since January 2014.

18. Defendants identified in paragraphs 10 to 17 are collectively referred to herein as the "Board" or the "Individual Defendants."

19. Relevant non-party Apollo is a high-growth, global alternative asset manager, seeking to provide clients excess return at every point along the risk-reward spectrum from investment grade to private equity with a focus on three business strategies: yield, hybrid and opportunistic. As of March 31, 2021, Apollo had approximately $461 billion of assets under management.

## SUBSTANTIVE ALLEGATIONS

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**Background of the Company and the Proposed Transaction**

20. New Home is a new generation homebuilder focused on the design, construction and sale of innovative and consumer-driven homes in major metropolitan areas within select growth markets in California and Arizona, including Southern California, the San Francisco Bay area, metro Sacramento and the greater Phoenix area.

21. Since its January 2014 initial public offering, the Company has transformed from a primarily high-end builder in California with a majority of revenues derived from joint venture projects to a more diversified builder with expanded product offerings to include more affordably priced homes and geographic diversification with the vast majority of revenues derived from wholly owned communities.

22. The Company is organized into three reportable segments: Arizona homebuilding, California homebuilding and fee building. The California homebuilding operation is comprised of divisions in Northern California and Southern California.

23. On July 29, 2021, the Company announced its second quarter 2021 financial results. For the 2021 second quarter, the Company generated pretax income of $6.1 million, compared to a $41.2 million pretax loss in the prior year period. Net income for the 2021 second quarter was $4.8 million, or $0.26 per diluted share, compared to a net loss of $24.3 million, or ($1.32) per diluted share, in the prior year period. Total revenues for the 2021 second quarter were $140.5 million compared to

$99.0 million in the prior year period. Commenting on the Company's financial results, defendant Webb stated:

> The New Home Company continued to benefit from a strong housing market and its intent focus on improving gross margins by managing sales price and pace, which resulted in $4.8 million of net income for the 2021 second quarter. Our strategy over the past few years to diversify both our product offerings and geographic presence has been a success. Our recent acquisition of Epic Homes in Denver, Colorado made a positive contribution during the quarter, and we expect this to continue based on solid demand in this market and over $130 million in backlog as of the end of the quarter. We experienced strong demand across all of our markets and product offerings, and we intentionally limited our sales releases during the quarter to implement periodic price increases and manage our backlog and construction schedules. Despite this metering of sales, our absorption pace still increased by 50% as compared to the 2020 second quarter with both our Southern California and Northern California markets increasing their absorption pace by over 100% during the second quarter as compared to the prior year.

24. On July 23, 2021, New Home and the Apollo Funds issued a joint press release announcing the Proposed Transaction, which states, in relevant part:

SCOTTSDALE, Ariz. & NEW YORK--The New Home Company (NYSE: NWHM) ("NWHM" or "the Company") and funds (the "Apollo Funds") managed by affiliates of Apollo Global Management, Inc. (NYSE: APO) (together with its consolidated subsidiaries "Apollo") today announced that they have entered into a definitive merger agreement pursuant to which the Apollo Funds have agreed to acquire the Company in an all-cash transaction for $9.00 per share. The transaction values NWHM at an enterprise value of approximately $338 million.

Under the terms of the agreement, which has been unanimously approved by the NWHM Board of Directors, the Apollo Funds will commence a tender offer to acquire all outstanding shares of NWHM for $9.00 per share in cash.  The purchase price represents an 85% premium to the closing stock price on July 22, 2021 of $4.86 per share and a 51% premium to the 90-day volume-weighted average price.  The holders of approximately 30% of NWHM's shares of common stock have agreed to tender their shares to the Apollo Funds pursuant to the tender offer in accordance with the terms of a support agreement.

Founded in 2009, the New Home Company is a new generation homebuilder focused on the design, construction, and sale of innovative and consumer-driven homes in key markets across California, Arizona and Colorado. The Company's range of product offerings from entry level up through luxury homes and communities have generated significant organic growth. As homebuilders continue to consolidate amid favorable supply and demand dynamics in the U.S. housing market, this transaction is designed to give the Company greater operational and financial flexibility to scale its platform while maximizing value for shareholders.

Founded in 2009, the New Home Company is a new generation homebuilder focused on the design, construction, and sale of innovative and consumer-driven homes in key markets across California, Arizona and Colorado. The Company's range of product offerings from entry level up through luxury homes and communities have generated significant organic growth. As homebuilders continue to consolidate amid favorable supply and demand dynamics in the U.S. housing market, this transaction is designed to give the Company greater operational and financial flexibility to scale its platform while maximizing value for shareholders.

"Over the last several years, we have transformed the company into a growing and diversified builder with operations in three states," said H. Lawrence Webb, Executive Chairman of The New Home Company Board of Directors. "We have strengthened our balance sheet, streamlined our cost structure and repositioned our product offerings to cater to a deeper pool of buyers. Apollo's ability to provide flexible capital and deep knowledge of the homebuilding industry will help us to accelerate the growth of our business. Following a thorough review of the opportunities available to the Company, The New Home Company Board of Directors unanimously determined that entering into this agreement is the best path forward to maximize value for shareholders."

"As consumer demand for new homes accelerates amid limited supply, we continue to see exciting opportunities to invest in the residential housing market," said Peter Sinensky, Partner at Apollo. "New Home's consumer-driven approach and dedicated focus on integrating unique design and architecture has separated the Company as a best-in-class homebuilder. We are excited to work with the management team to execute on the Company's growth strategy and provide more homes to consumers across the country."

"I am extremely proud of our team and the progress we've made over the last few years in transforming the company into a more profitable, better positioned homebuilder," said Leonard Miller, President & Chief Executive Officer of New Home. "We are excited to enter into this new chapter together with Apollo, who shares our strategic vision for New Home as a platform for delivering quality homes and communities with award-winning design and unparalleled customer experience. By joining forces with Apollo, we will have the financial flexibility to build on our recent successes and take the company to new heights."

The closing of the transaction is subject to customary closing conditions and the tender of shares representing at least a majority of the Company's outstanding common stock to the purchaser, an entity wholly owned by the Apollo Funds, and is expected to close in the second half of the Company's fiscal year. Following the successful completion of the tender offer, the Apollo Funds will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price. The transaction will be financed with equity provided by the Apollo Funds and, if required, a committed debt financing package. Other than

commitments in respect of a revolving credit facility, no incremental debt is expected to be raised in connection with the transaction.

Upon the completion of the transaction, NWHM will become a privately held company and shares of NWHM common stock will no longer be listed on any public market.

Citigroup Global Markets Inc. is acting as exclusive financial advisor to NWHM and Latham & Watkins LLP is acting as legal advisor to NWHM. Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as legal advisor and J.P. Morgan Securities LLC is acting as financial advisor to the Apollo Funds.

**The 14D-9 Contains Material Misstatements or Omissions**

28. On August 10, 2021, defendants filed the materially misleading and incomplete 14D-9 with the SEC. Designed to convince the Company's stockholders to tender their shares in the Offer, the 14D-9 is rendered misleading by the omission of critical information concerning: (i) New Home management's financial projections and the financial analyses supporting the fairness opinion provided by the Board's financial advisor, Citigroup; and (ii) the background of the Proposed Transaction.

*Material Omissions Concerning New Home Management's Financial Projections*

*and Citigroup's Financial Analyses*

29. The 14D-9 omits material information regarding Company management's financial projections.

30. For example, the 14D-9 fails to disclose the line items underlying the Company's (i) gross profit; (ii) net income; (iii) EBIT; and (iv) unlevered free cash flow.

31. Additionally, in connection with Citigroup's *Discounted Cash Flow Analysis*, Citigroup utilized the Company's estimated tax savings from deferred tax assets, the Company's estimated real estate inventory and treated stock-based compensation as a cash expense. The 14D-9, however, fails to disclose the Company's estimated tax savings from deferred tax assets, the Company's estimated real estate inventory and stock-based compensation over the projection period.

32. The 14D-9 also omits material information regarding Citigroup's financial analyses.

33. The 14D-9 describes Citigroup's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Citigroup's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, New Home's public stockholders are unable to fully understand these analyses and, thus, are unable

to determine what weight, if any, to place on Citigroup's fairness opinion in determining whether to tender their shares in the Offer or seek appraisal.

34. With respect to Citigroup's *Discounted Cash Flow Analysis*, the 14D-9 fails to disclose: (i) the estimated tax savings from deferred tax assets during the period from July 1, 2021 through December 31, 2025; (ii) stock based compensation over the projection period that was treated as a cash expense; (iii) quantification of the Company's estimated real estate inventory as of December 31, 2025; (iv) the individual inputs and assumptions underlying the discount rate range of 11.3% to 12.9%; (v) the Company's net debt; (vi) the deferred purchase price with respect to the acquisition of the Epic Companies as of June 30, 2021; (vii) the unconsolidated investments as of June 30, 2021; and (viii) the number of outstanding shares of the Company on a fully diluted basis.

35. With respect to Citigroup's *Present Value of Future Share Price Analysis*, the 14D-9 fails to disclose the individual inputs and assumptions underlying the discount rate of 17.75%.

36. With respect to Citigroup's *Selected Public Companies Analysis*, the 14D-9 fails to disclose why the price/book value multiple for Hovanian Enterprises, Inc. was deemed to be not meaningful for purposes of the analysis.

37. The omission of this material information renders certain portions of the 14D-9 materially misleading, including, inter alia, the following sections of the 14D-9: "Certain Company Projections" and "Opinion of the Company's Financial Advisor."

*Material Omissions Concerning the Background of the Proposed Transaction*

38. The 14D-9 fails to disclose material information concerning the background process leading to the Proposed Transaction.

39. For example, the 14D-9 fails to disclose the "relative implied valuations of the Company D Proposal compared to the June 11 Proposal, and the challenges and uncertainties of the Company D Proposal relative to the June 11 Proposal" discussed at the June 24, 2021 Board meeting. 14D-9 at 17. Similarly, the 14D-9 fails to disclose the "specific details and analysis of the Company D Proposal, and [] comparison of the Company D Proposal to the June 11 Proposal" discussed at the July 16, 2021 Board meeting. *Id*. at 18.

40. The omission of this material information renders certain portions of the 14D-9 materially misleading, including, inter alia, the following section of the 14D-9: "Background of the Offer."

41. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

# CLAIMS FOR RELIEF

# COUNT I

**Claims Against All Defendants for Violations**

**of Section 14(e) of the Exchange Act**

42. Plaintiff repeats all previous allegations as if set forth in full.

43. Defendants violated Section 14(e) of the Exchange Act by issuing the 14D-9 in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Offer commenced in conjunction with the Proposed Transaction.

44. Defendants knew that Plaintiff would rely upon their statements in the 14D-9 in determining whether to tender her shares pursuant to the Offer commenced in conjunction with the Proposed Transaction.

45. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares.

# COUNT II

**Claims Against the Individual Defendants for**

**Violation of Section 20(a) of the Exchange Act**

46.  Plaintiff repeats all previous allegations as if set forth in full.

47.  The Individual Defendants acted as controlling persons of New Home within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers or directors of New Home and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the 14D-9 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48.  Each of the Individual Defendants was provided with or had unlimited access to copies of the 14D-9 and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49.  In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein and exercised the same. The 14D-9 at issue

contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

50. In addition, as the 14D-9 sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The 14D-9 purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

51. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of New Home, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

- 18 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

C. Directing the Individual Defendants to disseminate a 14D-9 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 27, 2021                **WEISSLAW LLP**

By: */s/ Joel E. Elkins*

Joel E. Elkins
9100 Wilshire Blvd. #725 E.
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile: 310/209-2348
         -and-
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: 212/682-3025
Facsimile: 212/682-3010

*Attorneys for Plaintiff*

**OF COUNSEL**

**BRAGAR EAGEL & SQUIRE, P.C.**
Alexandra B. Raymond
810 Seventh Avenue, Suite 620
New York, NY 10019
Tel: (646) 860-9158
Fax: (212) 214-0506
Email: raymond@bespc.com

*Attorneys for Plaintiff*

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS